**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

VALERIE ROSE REDMOND,
    Appellant,

    v.

DEPARTMENT OF THE INTERIOR,
    Agency.

DOCKET NUMBER
CH-3443-14-0264-I-1

DATE: October 29, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Valerie Rose Redmond</u>, Eagan, Minnesota, pro se.

<u>Teresa M. Garrity</u>, Esquire, Bloomington, Minnesota, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal from the termination of a temporary assignment. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's now ripe individual right of action (IRA) appeal to the regional office for further adjudication.

¶2        The appellant holds a GS-9 Writer-Editor position with the agency. *See* Initial Appeal File (IAF), Tab 13 at 18-22. In September 2012, the agency announced that she would serve as an acting Public Affairs Specialist. IAF, Tab 11 at 4. However, in December 2013, the agency notified the appellant that her time in the Public Affairs Specialist role had come to an end, and she would be returned to her Writer-Editor role. *Id*. at 6.

¶3        The appellant filed a Board appeal, alleging that throughout her time as the acting Public Affairs Specialist, she was working at the GS-13 level but was only paid at the GS-9 level. IAF, Tab 1 at 4. The agency filed a motion to dismiss for lack of jurisdiction. IAF, Tab 5 at 4-5. Subsequently, the appellant filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC) and submitted the complaint as evidence in her Board appeal. IAF, Tab 8 at 4.

¶4        The administrative judge held a status conference, issued an order summarizing the issues before the Board, and directed the appellant to meet her jurisdictional burden. IAF, Tab 12. Both parties responded. IAF, Tabs 13-17.

¶5    The administrative judge dismissed the appeal,[2] finding that the appellant had not met her jurisdictional burden for a whistleblower claim or a constructive demotion claim.  IAF, Tab 18, Initial Decision (ID) at 2-7.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed an untimely response.[3]  PFR File, Tab 3.  The appellant has replied.[4]  PFR File, Tab 4.

The appellant failed to prove that she was subject to an adverse action within the Board's jurisdiction.

¶6    The appellant initially alleged that she should have been paid at the GS-13 level rather than at the GS-9 level during her time acting as a Public Affairs Specialist.  IAF, Tab 1 at 4.  During the course of the proceedings, she also alleged that her removal from that acting role amounted to an unwarranted demotion.  *See* IAF, Tab 12 at 1.  The appellant asserted that she had been

[2] The appellant did not request a hearing, and none was held.  IAF, Tab 1 at 2; ID at 1.

[3] The agency filed its response 3 days late, reporting that the delay was the result of "technical difficulties both with [the representative's] computer and with the MSPB e-file system in addition."  PFR File, Tab 2 at 1, Tab 3 at 3.  The Board will waive the filing deadline for a response to a petition for review for good cause.  5 C.F.R. § 1201.114(g).  However, we find that the agency's vague, unsworn assertions fail meet that standard.  *See Hutchinson v. Department of Labor*, 91 M.S.P.R. 31, ¶ 5 (2001) (the statements of a party's representative in a pleading do not constitute evidence of timeliness); *see also Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980) (to establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case); 5 C.F.R. § 1201.114(g) (late filings must be accompanied by an affidavit or sworn statement explaining the delay).  Therefore, we have not considered the agency's response.

[4] The appellant submitted evidence with her reply.  *See* PFR File, Tab 4 at 6-12.  A portion of this was part of the record below.  *Compare* PFR File, Tab 4 at 9-12, *with* IAF, Tab 13 at 86-89.  However, the remaining evidence, consisting of a sworn statement, is new.  *See* PFR File, Tab 4 at 6-8.  Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.  5 C.F.R. § 1201.115(d).  The appellant's new sworn statement does not meet that standard.  Accordingly, we will not consider it.

permanently reassigned to the Public Affairs Specialist position, not placed in the position during a temporary detail. IAF, Tab 13 at 6. Despite these allegations, the appellant failed to prove, by preponderant evidence, that she was subject to an adverse action within the Board's jurisdiction. *See* 5 C.F.R. § 1201.56(a)(2)(i).

¶7        The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board does not have jurisdiction to review an agency's decision to detail or reassign an employee to another position where there is no reduction in pay. *Bowen v. Department of Justice*, 38 M.S.P.R. 332, 334 (1988); *see Brown v. Department of Justice*, 20 M.S.P.R. 524, 527 (1984); *see also Gaydar v. Department of the Navy*, 121 M.S.P.R. 357, ¶ 7 (2014) (a failure to increase an employee's basic pay is generally not an adverse action).

¶8        However, the Board does have jurisdiction over a reduction in grade resulting from the cancellation of an effected promotion. *See Simmons v. Department of Housing & Urban Development*, 120 M.S.P.R. 489, ¶ 4 (2014). To establish Board jurisdiction over the cancellation of a promotion or appointment, an appellant must show, by preponderant evidence, that: (1) the promotion was approved by an authorized official aware that he or she was making the promotion or appointment; (2) the appellant took some action denoting acceptance of the promotion or appointment; and (3) the promotion or appointment was not revoked before the appellant performed in the position. *Id*. Here, the appellant failed to meet that burden.[5]

---

[5] The administrative judge notified the appellant of the Board's jurisdictional limitations as he sought to clarify the bases of her appeal. *See* IAF, Tab 9 at 1-2, Tab 12 at 1-6. However, he did not give the appellant notice of how to establish jurisdiction over a cancelled promotion prior to issuing his dismissal. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Nevertheless, to the extent that the appellant was claiming that she was given a promotion that was later cancelled, the lack of prior *Burgess* notice was

¶9     As the administrative judge noted in his decision, the appellant presented no substantive evidence to support her claim that she was promoted to, or performed as, a GS-13 Public Affairs Specialist. *See* ID at 4-6. Instead, her evidence largely supports the agency's position that the appellant was merely on a temporary detail. *See* ID at 4-6. Among other things, during the period in which the appellant alleged that she was serving as a GS-13 Public Affairs Specialist, the agency's records consistently indicate that she held the GS-9 position of Writer-Editor. *See* ID at 6; *see also* IAF, Tab 13 at 20-22. In addition, the appellant's timeline of events reflects that her performance review during the relevant period was based on her assigned GS-9 Writer-Editor position and her "voluntary role as a GS-1035-09 [P]ublic [A]ffairs [S]pecialist." ID at 4-5; *see* IAF, Tab 13 at 65. Furthermore, the agency submitted a sworn affidavit, indicating that the appellant performed GS-9 Public Affairs Specialist work on an acting basis but never performed GS-13 Public Affairs Specialist work. *See* ID at 6; *see also* IAF, Tab 15 at 6. The affidavit stated that the position has various grade levels, but the appellant consistently worked in the junior role of a GS-9. IAF, Tab 15 at 6.

¶10    To the extent that the appellant's petition for review can be construed as reasserting that she was subject to a constructive demotion or other appealable adverse action, *see* PFR File, Tab 1 at 3, Tab 4 at 4-5, she presents nothing more than mere disagreement with the findings below, *see Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980) (mere disagreement with the administrative judge's findings does not warrant full review of the record by the Board). The

cured in the initial decision. ID at 3-4; *see Caracciolo v. Department of Treasury*, 105 M.S.P.R. 663, ¶ 11 (2007) (the failure to provide an appellant with proper *Burgess* notice in an acknowledgment order or show-cause order can be cured if the initial decision itself puts the appellant on notice of what she must do to establish jurisdiction so as to afford her the opportunity to meet her jurisdictional burden for the first time on review).

appellant failed to show any error in the administrative judge's conclusion that she was not subject to an appealable adverse action.  *See* ID at 6-7.

The appellant failed to establish jurisdiction over her allegation of whistleblower reprisal as an IRA appeal.

¶11    The administrative judge concluded that, to the extent that the appellant was alleging whistleblower reprisal, she did not meet her jurisdictional burden.  ID at 2-3.  We agree.

¶12    The Board has jurisdiction over an IRA appeal if an appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. § 1214(a)(3); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). However, an appellant filing an IRA appeal has not exhausted her OSC remedy unless she has filed a complaint with OSC and either OSC has notified her that it was terminating its investigation of her allegations or 120 calendar days have passed since she first sought corrective action.  5 U.S.C. § 1214(a)(3); *see Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 6 (2010).

¶13    Here, the appellant filed a whistleblower complaint with OSC on March 13, 2014, after she filed her Board appeal.  *See* IAF, Tab 8 at 4-7.  The record below included an acknowledgment letter from OSC, dated March 25, 2014, but no further OSC correspondence.  IAF, Tab 13 at 9.

¶14    On review, the appellant has shown no error in the administrative judge's finding that the Board lacked jurisdiction when she filed her appeal.  *See* ID at 2-3.  At the time of her Board appeal, she had not exhausted her administrative remedies with OSC; she had not received notice from OSC that it had terminated its investigation into her complaint and 120 days had not passed since she filed her complaint.  Therefore, we affirm the administrative judge's dismissal of the

whistleblower reprisal claim for lack of jurisdiction. *See Jundt*, 113 M.S.P.R. 688, ¶¶ 6-7 (affirming the dismissal of an IRA appeal for whistleblower retaliation where the appellant filed her complaint with OSC after her initial appeal with the Board, but before the administrative judge issued an initial decision dismissing the claim for lack of jurisdiction).

We forward the appellant's now-ripe IRA appeal to the regional office for further proceedings.

¶15    The Board's practice is to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board.  *Id.*, ¶ 7.  With her petition for review, the appellant submitted an April 15, 2014 letter from OSC. PFR File, Tab 1 at 4-5.  The letter indicates that OSC had terminated its inquiry into the appellant's gross waste of funds allegations but that it would review her whistleblower reprisal allegation.  *Id.*  Although the appellant has not submitted any further evidence to indicate that OSC has since terminated its investigation, 120 days have now passed.  Accordingly, her IRA appeal appears ripe. Therefore, we FORWARD this case to the regional office for further proceedings. The administrative judge assigned to her case will provide the appellant another opportunity to meet her burden of establishing Board jurisdiction over an IRA appeal for whistleblower reprisal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board

appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.